# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2908
_____

Flinten E. Otis

*Plaintiff - Appellant*

v.

Sherie Korneman, Warden; Whitney Edwards, WMCC Functional Unit Manager

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph
_____

Submitted: March 5, 2021
Filed: March 12, 2021
[Unpublished]
_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Missouri prisoner Flinten Otis appeals the district court order dismissing his pro se civil rights complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Having jurisdiction under 28 U.S.C. § 1291, this court grants Otis leave to proceed in forma pauperis, affirms in part, reverses in part, and remands for further proceedings.

Otis alleged that while he was incarcerated in the Western Missouri Correctional Center (WMCC), he was physically and sexually assaulted by another inmate with whom he shared a cell in the administrative segregation unit of the prison. He sued WMCC Warden Sherie Korneman and Functional Unit Manager Whitney Edwards in their individual and official capacities, claiming that they were deliberately indifferent to the danger that he would be attacked. He sought damages, and declaratory and injunctive relief concerning WMCC's alleged policy of double-celling inmates in administrative segregation, which he claimed resulted in ongoing inmate attacks.

This court concludes that the district court properly dismissed Otis's claims for damages, and therefore affirms the dismissal as to those claims. *See Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019) (de novo standard of review). It is possible, however, that Otis's allegations concerning the danger posed by double-celling administrative segregation inmates could support a claim for declaratory or injunctive relief. *See Jensen v. Clarke*, 94 F.3d 1191, 1198-1201 (8th Cir. 1996) (finding injunctive relief appropriate where prison officials made cell assignments randomly and violence increased significantly as number of double-celled prisoners grew); *Cody v. Hillard*, 830 F.2d 912, 914 (8th Cir. 1987) (en banc) (double-celling can be viewed as cruel and unusual if it increases violence among inmates or creates other conditions intolerable for prison confinement). This court reverses the dismissal of Otis's claim for declaratory and injunctive relief based on double-celling of inmates in administrative segregation, and remands for further proceedings as to that claim.[1]

The case is remanded for further proceedings in accordance with this opinion.

_____

_____

[1]It appears that Korneman may no longer be the warden of WMCC. On remand, the district court may order substitution of the institution's current warden with respect to Otis's claims against Korneman in her official capacity. *See* Fed. R. Civ. P. 25(d).